IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HEBER HUERTA,

      Plaintiff,                  No. CIV S-11-0545 EFB P

    vs.

DR. A. TRAQUINA, et al.,

      Defendants.        ORDER

_____/

    Heber Huerta, an inmate confined at California State Prison, Solano, filed this pro se civil rights action under 42 U.S.C. § 1983. The proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

    Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 6. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II.   Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff purports to bring claims that defendants were deliberately indifferent to his medical needs and retaliated against him in violation of the First Amendment. The court finds, that for the limited purposes of § 1915A screening, plaintiff has stated a cognizable First Amendment retaliation claim against defendant Whitfield. However, plaintiff has not alleged sufficient factual matter to state a plausible claim that any defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment.

////

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*  Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff fails to state a cognizable claim under these standards.  He alleges that he filed inmate appeals in order to obtain a colostomy reversal surgery, Compl., ¶¶ 1-3, and claims that defendant Kromann "interfere[d] with and attempt[ed] to deny [plaintiff] medical care." *Id.*, ¶ 4.

1  However, plaintiff does not allege how Kromann interfered with or denied plaintiff medical care.
2  Plaintiff also alleges that defendant Johnson denied him medication on several occasions. *Id.*,
3  ¶¶ 4-5. Plaintiff does not allege why Johnson denied him his medication, why plaintiff needed
4  the medication, or whether plaintiff suffered any harm as a result of Johnson's alleged actions.
5  Next, plaintiff claims that defendant Blake used offensive language and failed to dispense
6  plaintiff's medications after surgery. *Id.*, ¶ 8. Again, plaintiff does not allege why Blake denied
7  him his medication, why plaintiff needed the medication, or whether plaintiff suffered any harm
8  as a result of Blake's alleged actions. Plaintiff also names Traquina, Rallos, Rohrer, Haseltine,
9  Cisneros, and Brimhall as defendants, but does not allege any facts showing that they were
10 personally involved in violating plaintiff's federal rights.

11 Plaintiff may proceed forthwith to serve defendant Whitfield and pursue his First
12 Amendment claim against him or he may delay serving Whitfield and attempt to state a
13 cognizable Eighth Amendment claim against the remaining defendants. If plaintiff elects to
14 attempt to amend his complaint, he has 30 days so to do. He is not obligated to amend his
15 complaint. However, if plaintiff elects to proceed forthwith against Whitfield, then within 30
16 days he must return materials for service of process enclosed herewith.

17 Any amended complaint must adhere to the following requirements:

18 It must be complete in itself without reference to any prior pleading. E.D. Cal. Local
19 Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended
20 complaint, the original pleading is superseded.

21 It must show that the federal court has jurisdiction and that plaintiff's action is brought in
22 the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must
23 contain a request for particular relief. Plaintiff must identify as a defendant only persons who
24 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
25 *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if
26 he does an act, participates in another's act or omits to perform an act he is legally required to do

4

that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

////

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claim against defendant Whitfield.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient at least to state a cognizable First Amendment retaliation claim against defendant Whitfield. *See* 28 U.S.C. § 1915A.

4. All remaining claims and defendants are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state a cognizable Eighth Amendment claim. Plaintiff is not obligated to amend his complaint.

5. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed February 28, 2011, one USM-285 form and instructions for service of process on defendant Whitfield. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the February 28, 2011 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules

1  of Civil Procedure. Defendant Whitfield will be required to respond to plaintiff's allegations
2  within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.
3      6. Failure to comply with this order will result in this action being dismissed.
4  Dated: September 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 | |
| 2 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HEBER HUERTA,

     Plaintiff,                      No. CIV S-11-0545 EFB P

    vs.

DR. A. TRAQUINA, et al.,

     Defendants.               <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

     In accordance with the court's order filed _____, plaintiff hereby elects to:

     (1) _____ proceed against defendant Whitfield on a First Amendment retaliation claim, and submits the following documents:

          <u> 1 </u>     completed summons form

          <u> 1 </u>     completed forms USM-285

          <u> 2 </u>     copies of the February 28, 2011 Complaint

**<u>OR</u>**

     (2) _____ delay serving defendant Whitfield and files an amended complaint in an attempt to also state a cognizable Eighth Amendment claim.

Dated:

                                                                _____

                                                                        Plaintiff